Suzanne Katie MENDEZ; Anthony Ezequiel Mendez; Christopher Henry Montes; Maria Mendez, by and through their Guardian Ad Litem, Plaintiffs—Appellants,

v.

COUNTY OF LOS ANGELES; Bradley Philip Gray; Lee Baca, Defendants—Appellees.

Hugo Mendez, Plaintiff—Appellant,

v.

County of Los Angeles; Bradley Phillip Gray; Sherman Block, Former Sheriff of the Los Angeles County Sheriffs Department, Deceased, Defendants—Appellees.

No. 00–55816, 00–55819.
D.C. No. CV–99–12785–CM.
D.C. No. CV–98–04047–CM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided June 19, 2002.

Before HALL, KOZINSKI and W. FLETCHER, Circuit Judges.

## ORDER

The Memorandum filed May 10, 2002, is amended as follows: At page 3, line 4, at the end of the second full paragraph, insert the following sentence: "Based on the totality of the circumstances, a jury could conclude that Gray acted under color of state law."

With this amendment, the petition for rehearing is denied and the petition for rehearing en banc is rejected. Fed. R.App. P. 35, 40.

## AMENDED MEMORANDUM *

The district court erred in granting Gray's motion for summary judgment on the grounds that he did not act under color of state law during the car chase. A police officer acts under color of law when he "purport[s] or pretend[s] to act in the performance of his ... official duties." *McDade v. West*, 223 F.3d 1135, 1140 (9th Cir.2000). This is true even when the officer is "pursuing his own goals and [i]s not in any way subject to control by [his employer]." *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir.1998) (internal quotation marks omitted).

Gray purported to act in the performance of his official duties: He identified himself as a law enforcement officer by flashing his badge and yelling that he was a sheriff's deputy. *See Huffman*, 147 F.3d at 1058 (off-duty officer who did not identi-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

fy himself did not act under color of law); *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 838–40 (9th Cir.1996) (same); *Traver v. Meshriy,* 627 F.2d 934, 938 (9th Cir. 1980) (off-duty officer who identified himself as such acted under color of law). Based on the totality of the circumstances, a jury could conclude that Gray acted under color of state law.

The district court did not err in granting the county's motion for summary judgment. To prevail on their claim under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), plaintiffs must show that the county's policy regarding the use of firearms by off-duty officers was the "proximate cause of the section 1983 injury." *Van Ort,* 92 F.3d at 837. However, "[a]n unforeseen and abnormal intervention ... breaks the chain of causality, thus shielding the defendant from ... liability." *Id.* (quoting *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 561 (1st Cir.1989) (quotation marks omitted)). Mendez's high-speed pursuit of Gray, both on a freeway and on residential streets, was such an "unforeseen and abnormal intervention."

**AFFIRMED in part and REVERSED in part. No costs.**

HALL, Circuit Judge.

I dissent as to the majority's holding that Gray was acting under color of state law because he was "purporting" to act in performance of his official duties. It may well be that Gray made a representation of police authority sufficient to conclude that he was acting under color of law at the time that he flashed his badge and attempted to identify himself to Mendez and Mondragon. However, that does not end the inquiry because we may recognize, looking at the totality of the circumstances, that a point in time has come during an interaction between an off-duty police officer and a member of the public when an officer's invoked authority ends and he resumes his status as a private citizen. *See e.g. Almand v. DeKalb County* 103 F.3d 1510 (11th Cir.1997).

Gray fled from Mendez and Mondragon in an attempt to break-off contact with them. At the time that he fled, Mendez and Mondragon were not aware that Gray was a police officer. They proceeded to chase him over city streets for two minutes, reaching speeds up to 60 or 65 miles per hour and running several red lights and stop signs in the process. When Gray ultimately fired on Mendez' car, it was in reaction to a loud noise which he perceived to be a gun shot and was most likely caused by Mondragon's striking his car with a piece of "the Club." Based on these facts, I would find that Gray had resumed acting and was being treated as a private citizen. Since Gray made no more attempts to invoke authority, and since he fired his gun under conditions creating the impression that his life was in immediate danger, he was merely acting in self-defense and not under color of law.